No. 10,674.

SIBLEY, ET AL. v. WALLRICH, ET AL.

Decided March 3, 1924.   Rehearing denied June 2, 1924.

Suit on various causes of action.   Judgment for plaintiffs.

*Affirmed.*

1. APPEAL AND ERROR—*Rulings on Evidence.*   On a question of the admission of evidence, where the abstract is so indefinite that the reviewing court is unable to understand clearly the points raised, rulings of the trial court are not disturbed.

2. TRIAL—*Pleadings and Bill of Particulars Given to Jury.*   Where by consent of counsel a jury is permitted to have the pleadings during its deliberations, assignment of error based on its also having the bill of particulars, overruled.

3. EVIDENCE—*Expert Testimony—Values.*   Experts are rarely able to state exact values, and their estimates are admissible in evidence.

4. TRIAL—*View of Premises by Jury.*   Permission for a view of the premises by the jury, is discretionary with the court.

5. APPEAL AND ERROR—*Favorable Verdict.*   Where several causes of action are tried in one suit, a party may not assign error on causes wherein a verdict is returned in his favor.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. J. D. PILCHER, Mr. CHARLES H. WOODARD, Mr. JAMES P. VEERKAMP, for plaintiffs in error.

Mr. ALBERT L. MOSES, Mr. JESSE STEPHENSON, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

IN a suit on seven causes of action, defendants in error had verdict and judgment on the first, second, third and

sixth causes and nothing on the others. The whole amount was $2,014.01. The defendants bring error.

1. The first point made is that plaintiffs' exhibits B, C and D were erroneously admitted in evidence because they were not shown to be books of original entry. The abstract of record does not show them, and the evidence in the abstract concerning them is so indefinite and obscure that we sometimes cannot tell to what the questions, answers and objections refer.´ We cannot, therefore, say that the court erred on this point.

2. Plaintiffs in error complain that the jury were allowed to take the bill of particulars with them to the jury room. We find no objection or exception to this; on the contrary, the court states in instruction No. 1 that the pleadings were given to the jury by consent of counsel and the bill of particulars must for this purpose be considered as a part of the pleadings.

3. The same objection is made to the submission of the rest of the pleadings, to which we make the same answer.

4. The witness Hutchison, one of the plaintiffs, was allowed to state the approximate value of certain lumber, the subject of suit, and this, it is claimed, was erroneous. Expert witnesses to value rarely are able to state exact values. Usually they give estimates.

5. The court refused to let the jury view a road the condition of which was in controversy. This was in the discretion of the court.

6. The claims of error in assignments 6 and 7 relate to the 7th cause of action upon which the verdict was in defendants' favor, and therefore they cannot assign error thereon.

The further assignments it is unnecessary to notice.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.