## No. 16,570.

### DALEY *v.* CITY AND COUNTY OF DENVER.
(225 P. [2d] 64)

Decided November 6, 1950. Rehearing denied December 4, 1950.

Mr. J. EMERY CHILTON, for plaintiff in error.

Mr. J. GLENN DONALDSON, Mr. ABE L. HOFFMAN, Mr. JAMES D. PARRIOTT, JR., for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF in error was defendant below and defendant in error was plaintiff. We will refer to the parties as they appeared in the trial court.

This cause originated in the municipal court of the City and County of Denver, where the defendant was charged with having violated sections 55, 57 and 71 of the Denver Municipal Traffic Code. Said section 55 relates to the driving of a motor vehicle while under the influence of intoxicating liquor; section 57 has to do with careless driving of a motor vehicle; and section 71 relates to leaving the scene of an accident.

Defendant appealed to the county court from an adverse judgment of the municipal court, and the cause was tried to a jury in the county court. Defendant again was found guilty, and upon the verdicts of the jury the court pronounced judgment and sentence that he be confined in the county jail for five days for leaving the scene of an accident; that he be fined $50.00 for careless driving; and that he be fined $150.00 for driving a motor vehicle while under the influence of intoxicating liquor. Defendant seeks reversal by writ of error.

Defendant contends: That there was no evidence offered upon the trial sufficient to warrant the submission of the cause to a jury; that the trial court erred in refusing his request to permit the jury to inspect his automobile; and that the verdicts were the result of passion and prejudice on the part of the jury.

■ We have carefully examined the testimony introduced upon the trial and are fully satisfied that the verdicts of the jury are amply supported thereby. Not only is there substantial evidence of the truth of the

matters charged in the complaint, but the overwhelming weight of the evidence points unmistakably to the truth of the charges. The contention of defendant, that the evidence is insufficient as a matter of law to warrant the judgment, is wholly without merit.

It appears from the record that defendant's automobile struck the motor vehicle belonging to one Leo Stevens at the intersection of West Alameda Avenue and Knox Court on the evening of November 10, 1949. Witnesses fully described the damage to the cars, which was not heavy and which did not prevent either of said vehicles from continuing under their own power. Trial was had in the county court on January 25, 1950, about two and one-half months after the accident, during all of which time defendant's automobile remained in his exclusive possession. After testifying that his car had not been repaired in any way since November 10, 1949, defendant asked the court to permit the jury to inspect it. This request was denied. It was within the sound discretion of the trial court either to permit the jury to inspect the automobile or to refuse the inspection requested by defendant. Under the circumstances disclosed by this record the trial court did not abuse the discretion which it exercised in refusing the request for inspection. *Colorado Springs and Interurban Railway Co. v. Allen,* 48 Colo. 4, 108 Pac. 990; *Sibley v. Wallrich,* 75 Colo. 421, 226 Pac. 152.

The contention that the verdicts were the result of passion and prejudice on the part of the jury, is wholly untenable. The verdicts fixed the penalties to be assessed, and in no case was a maximum penalty imposed. There is no indication whatever that the jury was influenced to any degree by anything other than the evidence.

The judgment is accordingly affirmed.